IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LAKETA DAWN BRADFORD,** § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | 3:15-CV-01428-L-BK |
| § | | |
| **UNITED STATES GOVERNMENT,** § | | |
| Defendant. § | | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was automatically referred to the United States Magistrate Judge. On May 7, 2015, Plaintiff filed a *pro se* complaint against the United States Government. The Court granted the motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, this case should be summarily dismissed.

### I. BACKGROUND

On June 2, 2015, in response to the Court's deficiency order requiring her to comply with Federal Rule of Civil Procedure 8(a), Plaintiff filed an amended complaint consisting of a form complaint and 29 handwritten pages. In the former, Plaintiff alleges in its entirety:

Fighting for Justice
Chapter 47 fraud and false statements, major fraud act against United States sec. 1032, harassment ongoing, privacy act law, nonproperly rendered services, reblie [sic] law for out of compliace [sic] with DISD, misuse of state funds, identity theft, certain rights under Anti-discrimination laws, disability rights to reasonable accomodations, accessible housing.

[Doc. 8 at 1]. In the latter, Plaintiff asserts an endless litany of personal events that occurred between 1995 and the present. Plaintiff complains of multiple rapes, her poverty, her struggle to survive as a single mother, repeated harassment against her son Quentin Monte Bradford (who

was twice sent to Terrell State Hospital), and a multitude of false statements: by El Centro College for not accepting credits from TCC, by the Social Security Administration for denying her children's disability benefit requests, by the Dallas Independent School District with respect to her children's education, and by various state and federal agencies causing her to lose section 8 housing. Doc. 8 at 2-25. Plaintiff also accuses her mother of identity theft and her father of physical and mental abuse. Doc. 8 at 26-30. In closing, Plaintiff claims that the "life altering, traumatic events" pled in her amended complaint confirm that she was "set up for failure by the United States Government." Doc. 8 at 30.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court may dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Id.* at 33.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must

be construed so as to do justice"). Even under this most liberal construction, however, Plaintiff's claims/assertions are legally and factually frivolous.

The amended complaint contains allegations that are illogical and/or describe fantastic or delusional scenarios that are clearly irrational and incredible. See Denton, 504 U.S. at 33. Moreover, under the doctrine of sovereign immunity, the United States Government cannot be sued unless it gives its consent. See Lehman v. Nakshian, 453 U.S. 156, 160 (1981) ("[T]he United States, as sovereign, is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.") (quotations and quoted cases omitted). Here, Plaintiff has presented no statutory or case authority for suing the United States Government, apart from mentioning "Chapter 47 fraud" and "Sec. 1032" in the first page of her amended complaint. Doc. 8 at 1. Because Plaintiff's contentions are clearly baseless and lack any arguable legal basis, the amended complaint should be dismissed with prejudice as frivolous.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the amended complaint be summarily **DISMISSED** with prejudice as frivolous. See 28 U.S.C. § 1915(e)(2)(B).

SIGNED June 22, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE